# TEXAS AND PACIFIC RAILWAY COMPANY *v.* EASTIN & KNOX.

IN ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 177.    Argued April 23, 1909.—Decided May 17, 1909.

The right of a defendant who has petitioned for removal of a case to the Federal court cannot be extended beyond what is necessary to defend the case; he cannot deny the jurisdiction after invoking it for affirmative relief.

A defendant's right to remove to the Federal court is amply protected. He may file his record in the Circuit Court and thereby completely take jurisdiction from the state court.

Even though a defendant's petition to remove is wrongfully denied by the state court, and in his answer he protests against the right of the state court to retain jurisdiction, if he asserts an affirmative remedy in the state court, as in this case in which he brought in a third party for liability over, he submits his whole case and cannot attack the action of the state court in denying his petition for removal in this court on writ of error.

100 Texas, 556, affirmed.

THIS action was instituted by defendant in error against plaintiff in error, the Texas and Pacific Railway Company, hereinafter called the Texas and Pacific Company, and J. M. Tucker, its agent, for wrongfully billing and shipping 712 head of cows and calves via one road, though they were requested to be shipped via another, whereby they were required to go twice as far, and were seriously injured and damaged thereby.

It is alleged in the original petition that plaintiffs in the action, defendants here, were residents of the county of Jack, State of Texas; that Tucker resided in the county of Palo Pinto in said State, and that the Texas and Pacific Company "is a body corporate, duly incorporated under the Federal statutes, with an office and station in the counties of Palo Pinto and Parker, in the State of Texas."

The Texas and Pacific Company filed an answer, and at the same time filed a petition and bond to remove the cases to the Circuit Court of the United States for the Northern District of Texas, sitting at Fort Worth. The petition alleged as the ground of removal that Tucker was improperly and wrongfully joined with the company for the sole and only purpose of preventing it from removing the case to the United States Circuit Court. That the suit against the company was a suit arising under the laws of the United States, and more especially under the law of the United States constituting the charter of the company, under which it was incorporated. Tucker adopted the statements of the petition and joined in the application for removal. The application was denied, and an exception was entered to the ruling. The Texas and Pacific Company, protesting against the right of the court to hear and determine the suit, filed its amended original answer, among other defenses alleging that "it carried and delivered the cattle to Paris, Texas, safely and carefully on reasonable time," and further alleging that the St. Louis and San Francisco Company was duly incorporated and operated its line of railway in Lamar County, Texas, and had a local agent at Paris, and that most of the damage complained of by defendant (plaintiff in error) occurred on the line of that road. The Texas and Pacific Company asked that the St. Louis and San Francisco Railroad Company be made a party defendant, and that citation be served on it; that it be required to answer in the case, and that if plaintiff should recover against the Texas and Pacific Company the latter have judgment against the St. Louis and San Francisco Company for all such damages as were caused by it.

Subsequently, a second amended original answer was filed by the Texas and Pacific Company, in which it enlarged its defenses, and in what it called a "special and separate answer," averred its careful transportation of the cattle, and again averred the negligence of the St. Louis and San Francisco Company, and that but for such negligence, the damages of

which plaintiffs complain would not have occurred.   The prayer of the answer was as follows:

"Wherefore, this defendant prays that citation be issued to the said St. Louis and San Francisco Railroad Company, by service upon its local agent herein aforesaid as the law directs, and that upon hearing hereof that the damages and injuries sustained by plaintiffs in the shipment of said cattle be according to law apportioned between the defendant and the St. Louis and San Francisco Railroad Company, and that this defendant be held liable only for such damages as occurred to said cattle while the same were in its possession, and that such damages and injuries as accrued to said cattle while same were in the possession of the St. Louis and San Francisco Railroad Company and its connecting carriers be charged to it. But if this defendant be mistaken in this, then it prays that upon hearing hereof that it have judgment over and against the said St. Louis and San Francisco Railroad Company for the full amount of any judgment that may be rendered against this defendant upon the trial hereof, and that it recover its costs in this behalf expended, as it will ever pray, etc., and for such general and special relief in law or equity, as it may be entitled to under the law and the facts."

A citation was issued in accordance with this prayer, and the St. Louis and San Francisco Company was summoned to appear "to answer the said amended answer of the Texas and Pacific Railway Company filed as aforesaid on the seventh day of April, A. D. 1904." The citation was duly served, together with certified copies of plaintiff's original petition and the amended answer of the Texas and Pacific Company, as directed by the citation. The St. Louis and San Francisco Company appeared in the action. In what is called its first amended original answer it demurred "generally to the answer and cross action" of the Texas and Pacific Company, on the ground that the same failed to show a cause of action. The answer also denied all the allegations of the "said pleadings of the Texas and Pacific Company," set up other defenses,

and alleged that if the cattle were damaged by delay in ship-
ment "that the fault or liability" was that "of the Texas and
Pacific Railway Company in not routing said cattle as re-
quested by the plaintiffs and as demanded by the exigencies
of the shipment," and "prayed to be hence dismissed with its
costs." The issue thus made up was tried by the court and
resulted in a judgment against the Texas and Pacific Company
and Tucker for $3,600, and a judgment against the St. Louis
and San Francisco Company in favor of the Texas and Pacific
Company for $1,800. All the defendants appealed to the
Court of Civil Appeals for the Second Judicial District, sitting
at Fort Worth. That court reversed the decision and re-
manded the case, holding that the trial court erred in over-
ruling the application for removal, and entertaining jurisdic-
tion of the case. A motion for rehearing was made and denied
and the plaintiffs (defendants in error here) applied to the
Supreme Court of Texas for a writ of error, which was dis-
missed for want of jurisdiction, but was, on motion for re-
hearing, granted, and on the second of May, 1906, the Supreme
Court reversed the Court of Civil Appeals, deciding that the
case was not removable, and remanded the case for decision
on the other questions.

On the return of the case to the Court of Civil Appeals, that
court, on the sixteenth of June, 1906, affirmed the judgment
of the District Court. A motion for rehearing was denied,
and on writ of error to the Supreme Court the latter court
affirmed the judgment of the Court of Civil Appeals.

*Mr. Rush Taggart* and *Mr. W. L. Hall,* with whom *Mr.
John F. Dillon* was on the brief, for plaintiffs in error:

The Texas and Pacific Railway Company being a corpora-
tion chartered by Congress, when sued alone in the state court
for an amount exceeding $2,000, exclusive of interest and
costs, has the right to remove the cause to the Federal court,
and when sued with a local defendant to establish a joint liabil-
ity of all defendants it is a suit arising under the Constitution

and laws of the United States, and if all defendants join in the application to remove, the cause should be removed to the United States court. See charter, 16 Stat. 573; §§ 1 and 2, act of March 3, 1875, c. 137, amended by acts of 1887 and 1888; *Osborn* v. *United States Bank,* 9 Wheat. 738; *Smith* v. *Union Pacific Railway,* 2 Dillon, 278; *Pacific Removal Cases,* 115 U. S. 200, 222; *Texas & Pacific Railway* v. *Cody,* 166 U. S. 606; *Re Dunn,* 212 U. S. 374.

Where the facts presented in a petition for removal show a cause of action properly removable from a state to a Federal court, the state court must take the facts as stated in the record and petition, and has no jurisdiction to pass upon any such questions. The right to pass upon the issues of fact made by the petition for removal is one for the Federal court, it having the exclusive province of passing upon such questions of fact. Black's Dillon on Removal, § 191; *Kounts* v. *B. & O. Ry.,* 104 U. S. 5; *Stone* v. *South Carolina,* 117 U. S. 430; *Burlington Ry. Co.* v. *Dunn,* 122 U. S. 513; *Daugherty* v. *K. C. & Ft. S. Ry.,* 138 U. S. 298.

*Mr. Thomas D. Sporer,* with whom *Mr. H. C. McClure* was on the brief, for defendants in error:

The plaintiff in error, after filing its petition and bond for removal, waived its right to remove by voluntarily appearing in the state court, and filing what it called its first amended original answer, by which it voluntarily impleaded and made the St. Louis & San Francisco Railway a party defendant and sought to recover a judgment over against it for damages and by recovering judgment against that defendant for $1,800. This latter proceeding was an affirmative action on its own part by which it elected to retain defendants in error in the state court, not for the purpose of defending itself, but to have the matter litigated and, at the same time, to prosecute its rights and enforce them, by obtaining a judgment of the state court against the St. Louis & San Francisco Railway Company—a party whom defendants in error had not sued.

While it is true that if the state court refused to order a removal, and retains its jurisdiction, and the petitioner is compelled to remain in the state court, he does not have to remain inactive and allow judgment by default to go against him. He has a right to remain and defend the suit against him. But there is this distinction. He can only defend. If he seeks to take affirmative action and appeal to the court for relief in order to better his condition, that is, asks for something independent of and alien to the plaintiff's case, he elects to submit to the jurisdiction of the court. After making this election he cannot insist on his removal proceeding and insist that the court has no jurisdiction to try the case. The Federal courts will not permit him to experiment with the courts or speculate with his cause of action.

He must be consistent. *C. I. & N. P. Ry. Co.* v. *Minn. & N. W. Ry. Co.*, 29 Fed. Rep. 337, 341. See also: *Manning* v. *Amy*, 140 U. S. 137; *Removal Cases*, 100 U. S. 457, 473; *Hudson River R. R. & Term. Co.* v. *Day*, 54 Fed. Rep. 545; *Case* v. *Olney*, 106 Fed. Rep. 433; *First National Bank of Wason* v. *Conway*, 67 Wisconsin, 210.

Mr. Justice McKenna, after stating the facts as above, delivered the opinion of the court.

The assignments of error present the question of the right of the Texas and Pacific Company to a removal of the case to the Circuit Court of the United States, (1) Because, being a corporation chartered under an act of Congress, the suit was one arising under the laws of the United States, and that this character was not taken from it by joining a local defendant when it was an action to establish a joint liability. (2) Where the facts stated in the petition for removal show a cause properly removable from a state to a Federal court, the state court has no jurisdiction to pass finally upon them; that right is one for the Federal court, it having the exclusive province of passing upon such questions of fact.

The first proposition is sustained in the *Matter of Dunn*, 212 U. S. 374; the second proposition is sustained in *Chesapeake and Ohio Railway* v. *Emma R. McCabe, Administratrix*, 213 U. S. 207. The latter case also decides that if an application for removal be denied the petitioner loses no right by being compelled to stay in the state court. In other words, that the petitioner may stay in the state court and defend the action against him, and if the judgment go against him bring the case to this court and have the question of removal determined. But plaintiffs in error did not defend only against the cause of action. They instituted a cause of action against the St. Louis and San Francisco Railroad Company, in which the defendant in error had no concern, and recovered a judgment against that company in the sum of $1,800. By doing so they invoked the jurisdiction of the state court on their own account and for their own purpose, and the case is brought within the ruling in *Merchants Heat & L. Co.* v. *Clow & Sons*, 204 U. S. 286.

The single question in this court in that case was the jurisdiction of the Circuit Court, from which the case came. The Merchants Heat & Light Company, an Indiana corporation, contended that no jurisdiction had been obtained over it by the service which was made upon one Schodd, who, it was asserted by the plaintiff in the action, was an agent of the company. A motion to quash the return of service was made and overruled, and thereupon the company, after excepting, appeared as ordered and pleaded the general issue, and also a recoupment or set-off of damages under the same contract sued upon, and overcharges in excess of the amount ultimately found due to the plaintiff. There was a finding for the plaintiff of $9,082.21.

Whether the company was doing business in the State of Illinois within the meaning of the statutes of that State under which service was made, this court did not decide, but it did decide that the company, "by setting up its counter-claim became a plaintiff in its turn, invoking the jurisdiction of the

court in the same action, and, by invoking, submitted to it."
And this, notwithstanding the counter-claim arose, as it was
said, "out of the same transaction that the plaintiff sued upon,
and so to have been in recoupment rather than in set-off
proper." It was further said: "There is some difference in
the decisions as to when a defendant becomes so far an actor
as to submit to the jurisdiction, but we are aware of none as
to the proposition that when he does become an actor in a
proper sense he submits." And the Texas and Pacific Company was an actor against the St. Louis and San Francisco
Company upon a cause of action upon which it was its own
choice to bring into the suit. On that cause of action it obtained a judgment against the St. Louis and San Francisco
Company, and succeeded in having it affirmed by the Supreme
Court of the State.

It would be carrying too far the right of a party who has
petitioned for removal of a case to extend it beyond what is
necessary to defend against the cause of action asserted
against him. He should not be permitted to invoke the jurisdiction for affirmative relief and deny it afterwards. It must
be remembered how amply his right of removal is protected.
He may file the record in the Circuit Court of the United
States and thereby completely take jurisdiction from the
state court.

*Judgment affirmed.*

MR. JUSTICE PECKHAM and MR. JUSTICE DAY dissent.