HANSEN v. PACIFIC COAST ASPHALT CEMENT CO.

(District Court, S. D. California, S. D. July 2, 1917.)

No. 9786.

1. REMOVAL OF CAUSES ⬤=44—PERSONS ENTITLED TO REMOVE—EFFECT OF CROSS-COMPLAINT.

Where the defendant in an action filed a petition and bond to remove it to the federal court, and contemporaneously therewith, or subsequently, but before the removal, filed an answer and cross-complaint, it was not entitled to remove the case under Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1916, § 1010), authorizing the removal of actions by defendants, as by filing the cross-complaint it became the plaintiff and invoked the jurisdiction of the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 88.]

2. REMOVAL OF CAUSES ⬤=102—GROUNDS FOR REMAND—DOUBT AS TO JURISDICTION.

It is the duty of the federal court to remand a cause removed from a state court, where there is doubt as to whether the case was properly removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 224.]

At Law. Action by Clelia M. Hansen, née Muscio, against the Pacific Coast Asphalt Cement Company. On motion to remand. Motion granted.

B. F. Thomas, of Santa Barbara, Cal., for plaintiff.

Canfield & Starbuck, of Santa Barbara, Cal., and C. W. Durbrow, of San Francisco, Cal., for defendant.

TRIPPET, District Judge. This action was commenced in the superior court of the state of California, in and for the county of Santa Barbara, and the proceedings therein progressed until a decree was entered June 26, 1916. Thereafter defendant applied, under section 473 of the Code of Civil Procedure, for leave to answer; the application having been made within a year after the rendition of said decree.

[1] The court made an order on February 7, 1917, allowing the defendant to answer within 10 days from that date. On February 13,

1917, the defendant filed a petition and bond to remove the cause to this court. On the same date, to wit, February 13, 1917, defendant filed an answer and cross-complaint, seeking a personal judgment against the plaintiff. The record presented to this court shows that the answer and cross-complaint appear in the record following the petition and bond for removal. The court cannot assume from this fact that the cross-complaint was filed subsequent to the petition for removal. The parties have discussed the case as though it were filed subsequent to filing the petition and bond. It does not seem to make any difference whether it was filed contemporaneous with the petition and bond or subsequently. It would seem, however, that the court should consider that all three of the papers were filed at the same time.

Only the defendant has a right to remove a case from a state court to this court. Judicial Code, § 28. The question presented upon this motion to remand is whether or not the case was removed here by a defendant. The only difference between a counterclaim and a cross-complaint, so far as the record here is concerned, in the California practice, is that, in a cross-complaint filed by a defendant, the plaintiff is required to answer. No answer is necessary to a counterclaim. C. C. P. §§ 437, 438, 442, 626, 666.

There is a conflict of authority concerning the right of removal by plaintiff, where defendant files a cross-bill or counterclaim. Authorities are collected in 2 Foster's Federal Practice (5th. Ed.) § 542, at page 1808. Some of the cases which deny the right of a plaintiff to remove assign as the reason that the plaintiff invoked jurisdiction of the court, knowing that a counterclaim or cross-bill might be filed. These cases are distinguished, where it is said that, if the federal court did not have jurisdiction of the cause of action which the plaintiff filed, the principle just stated did not apply, and therefore that the plaintiff could remove the case, where the cross-complaint was such as to give the federal court jurisdiction, because he had become a defendant. Price & Hart v. Ellis (C. C.) 129 Fed. 482; Hagerla v. Miss. River Power Co. (D. C.) 202 Fed. 771. The principle involved in these cases is the same principle involved in this case. A cross-complaint is the assertion of a new and different cause of action from that asserted in the complaint. The defendant becomes a plaintiff to all intents and purposes by filing a cross-complaint. When the action is removed, it carries the whole record. That would bring with it the action which the defendant instituted, and, if he is allowed to remove under such circumstances, it would be allowing the plaintiff to remove an action, instead of limiting the right of removal to a defendant. By filing this cross-complaint, the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove. Texas & Pacific Ry. v. Eastin, 214 U. S. 153, 29 Sup. Ct. 564, 53 L. Ed. 946. The defendant claims he was compelled to file cross-complaint in order to preserve his rights. That, however, is not true, because the defendant could have removed the case without filing any pleading at all in the state court.

[2] It is the duty of the court to remand, where there is doubt as to whether the case has been properly removed. Simkins, Federal

Equity Suit, 803, and authorities there cited; Nash v. McNamara (C. C.) 145 Fed. 541.

An order will be made remanding the case accordingly.