17 F.(2d)—39

## ZUMBRUNN v. SCHWARTZ.

(District Court, D. Indiana, Hammond Division. February 24, 1927.)

1. **Removal of causes ⊗══86(9)—Authority of notary before whom petition is verified need not be certified.**

Where petition for removal is verified before notary public, it is not necessary that the authority of the notary be certified.

2. **Removal of causes ⊗══103—Defective verification of petition is not grounds for remand.**

Defective verification of petition is not sufficient cause to remand; the petition or verification being amendable.

3. **Removal of causes ⊗══74—Filing of counterclaim in state court for more than $3,000 held to render cause removable by plaintiff.**

Where an action by a nonresident in a state court of Indiana against a resident was for less than the amount required to render the case removable, but defendant filed a counterclaim for a larger amount, which under the law of the state must state a complete cause of action, defendant could not remove the cause, but plaintiff may.

4. **Removal of causes ⊗══37—Court must arrange or rearrange parties with respect to the real interests for removal purposes.**

For removal purposes, the court must arrange or rearrange the parties in accordance with their real interests.

At Law. Action by William F. Zumbrunn, trustee, against John E. Schwartz. On motion by defendant to remand to state court. Denied.

Harker & Irwin, of Frankfort, Ind., and John H. Connaughton, of Washington, D. C., for plaintiff.

W. L. Parkinson and George W. Kassabaum, both of Lafayette, Ind., for defendant.

SLICK, District Judge. The question for decision is on the motion to remand. William F. Zumbrunn, trustee, a citizen of Maryland, brought suit against John E. Schwartz, a citizen of Indiana, in the circuit court of Carroll county, Ind., on two promissory notes, of $1,000 each. Defendant Schwartz filed answer in five paragraphs: The first, a general denial; the second, a plea of payment; the third, a plea of no consideration; the fourth and fifth alleging a counterclaim on different theories, and praying for judgment in the sum of $15,000.

Plaintiff was ruled to reply to the second and third paragraphs of answer, and to answer the paragraphs asserting counterclaim. Plaintiff, in due time and after giving proper notice, filed his petition for removal, verified by himself before a notary

public of the District of Columbia. He satisfied the statute by filing a good and sufficient bond. Defendant Schwartz filed a motion in the state court to strike out and reject the petition, and the motion was sustained. Whereupon plaintiff filed a transcript of the entire proceeding with the clerk of this court. [1] Counsel for Schwartz, defendant in the state court, argue that the petition for removal is not verified as required by law, for, although it purports to be sworn to before a notary public in the District of Columbia, no certificate of the clerk of any court is attached showing that said notary public is duly empowered to administer oaths. Congress, while providing that the petition shall be verified, has not provided that the certificate shall be in accordance with the state statute, and the procedure prescribed by the federal statute excludes that of the state practice. It was not necessary to have the authority of the notary public certified. Congress has provided that, where acknowledgments or verification are required, they may be taken before a notary public of any state.

[2] Even if the verification were defective, this, however, would not be sufficient cause to remand, as it would be permissible to amend the removal petition or the verification thereof. McMaster, Inc., v. Chevrolet Motor Co. (D. C.) 3 F.(2d) 469.

[3] Defendant's second assigned reason for urging his motion to remand is more serious. It is that plaintiff in the original suit in the state court has no right under the statute to remove, that right being reserved to defendants only. This is a very interesting and important question. Where the original suit is for less than the amount required by the removal statute, and defendant counterclaims for an amount in excess of the amount necessary to allow removal, defendant cannot then demand removal. This seems to be the settled law and is well supported by the authorities. McKown v. Kansas & T. Coal Co. (C. C.) 105 F. 657; LaMontagne v. Harvey Lumber Co. (C. C.) 44 F. 645; Hansen v. Pacific Coast Asphalt Cement Co. (D. C.) 243 F. 283.

But there is no logical reason why the plaintiff in the state court should not, under such circumstances, be allowed to remove, unless it be the very technical one that he is the titular plaintiff in the state court, and only defendants are given this right under the statute. The decisions are not in harmony on this proposition, and therefore it becomes the duty of this court to follow those decisions which seem to be the best reasoned and most firmly grounded in the law.

West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819, decided by the Supreme Court in 1867, is cited frequently as an authority holding against the right of removal under circumstances similar to those here; but this case was decided under Removal Act 1789, § 12 (1 Stat. 79) which limited the right of removal to a defendant who had not submitted himself to the jurisdiction of the state court, except to enter his appearance for the purpose of removing the case. The act of 1789 differed materially from the present Removal Act (Comp. St. §§ 1010–1021), and that case was for an amount greatly in excess of the amount required by the removal act then in force. This does not clearly appear in the reported case, but the history of this case in the courts of Indiana discloses this fact. See City of Aurora v. West, 22 Ind. 88, 85 Am. Dec. 413, and City of Aurora v. West, 25 Ind. 148.

Hence the plaintiff, who sought removal, could have brought his suit originally in the federal court, but voluntarily chose the forum of the state tribunal. This case is easily distinguishable from the case at bar, where plaintiff, a nonresident, was compelled, owing to the small amount involved, to file his suit in the state court. In the case of Waco Hardware Co. v. Michigan Stove Co. (C. C. A.) 91 F. 289, the court, basing its opinion on the decision in West v. Aurora City, supra, sustained defendant's contention.

As against the conclusion followed in these two cases, there are several very strong cases holding diametrically opposite and allowing removal where the facts are quite similar to the case under consideration. Hansen v. Pacific Coast Asphalt Cement Co. (D. C.) 243 F. 283; Price & Hart v. Ellis & Co. (C. C.) 129 F. 482; Pierce v. Desmond (D. C.) 11 F.(2d) 327; Mason City & Ft. D. Railroad Co. v. Boynton, 204 U. S. 570, 27 S. Ct. 321, 51 L. Ed. 629.

The last case, supra, was a proceeding by a railroad company to condemn land. Appeal was taken to the state court. The statute of the state provided that, in proceedings of this nature, the landowner should be called plaintiff and the condemning corporation defendant. One of the questions submitted to the Supreme Court on certificate of the Circuit Court of Appeals for the Eighth Circuit was whether the landowner, designated by the state statute as plaintiff, was a defendant within the meaning of the removal statute, when the suit was removed into the

circuit court. This question was answered by Mr. Justice Holmes in the affirmative. He further said: "It is obvious that the word 'defendant' as there used [in the removal act] is directed toward more important matters than the burden of proof or the right to open and close"—and he might have added the name of a pleading, whether reply or answer.

Under the Indiana Code (Burns' Ann. St. 1926 Ind. § 373) a counterclaim is defined as "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Under the code, where a demurrer is addressed to a complaint for insufficient facts, a memorandum must be filed with such demurrer stating wherein such complaint is insufficient. This provision of the Code has been held to apply to a demurrer to a counterclaim. Quality Clothes Shop v. Keeney, 57 Ind. App. 500, 106 N. E. 541.

The Supreme Court of Indiana has held that a counterclaim must state a complete cause of action against the plaintiff in favor of the defendant, and a demurrer to such counterclaim must be the same in form as a demurrer addressed to a complaint. Anderson Building, Loan Fund & Savings Association v. Thompson, 88 Ind. 405.

He who asserts a claim and prays for relief is a plaintiff, and he who denies or defends against such claim is a defendant. As this suit was originally brought in the state court, Zumbrunn was plaintiff and Schwartz was defendant, and was the only one who could remove; but, when Schwartz filed his counterclaim against Zumbrunn, he (Schwartz) became, as to matter alleged in the counterclaim, the plaintiff, and Zumbrunn became, as to such matter, the defendant.

There is a very good reason for not allowing a defendant, who by filing a counterclaim increasing the amount in dispute to more than $3,000, to remove. In the first place, he, as to the counterclaim, becomes a plaintiff (Hansen v. Pacific Coast Asphalt Cement Co. [D. C.] 243 F. 283), and only defendants are permitted to remove by the statute; and in the second place this would put a premium on dishonesty in pleading, by always putting it within the power of a defendant filing a counterclaim to make his claim sufficiently large to bring it within the purview of the removal statute, a thing which Congress evidently had in mind when the right of removal was taken away from plaintiffs and given to defendants exclusively.

[4] Further, it is the duty of the court to arrange the parties to a controversy, after ascertaining the real matter in dispute between them, on opposite sides of the controversy, and thus sustain the jurisdiction of the federal court, if possible. Evers v. Watson, 156 U. S. 527, 15 S. Ct. 430, 39 L. Ed. 520; Pacific R. R. v. Ketchum, 101 U. S. 289, 25 L. Ed. 932; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411. See also Removal Cases, 100 U. S. 457, 25 L. Ed. 593, in which case Mr. Justice Waite said:

"For the purposes of a removal the matter in dispute may be ascertained, and the parties to the suit arranged on opposite sides of that dispute. * * * Under the old law the pleadings only were looked at, and the rights of the parties in respect to a removal were determined solely according to the position they occupied as plaintiffs or defendants in the suit. * * * Under the new law the mere form of the pleadings may be put aside, and the parties placed on different sides of the matter in dispute according to the facts."

If this be done in the present case, it is apparent at once that as to the original suit Zumbrunn is plaintiff and Schwartz is defendant, but as to the counterclaim Schwartz is plaintiff and Zumbrunn is defendant; and, there being diversity of citizenship and more than $3,000, exclusive of interest and costs, in dispute, the removal should have been allowed.

The motion to remand is accordingly denied.