**CHICAGO TITLE & TRUST CO. as Trustee under Trust No. 10–63–859, Plaintiff,**

v.

**WHITNEY STORES, INC., Defendant.**

**No. 84 C 3401.**

United States District Court, N.D. Illinois, E.D.

April 26, 1984.

Robert A. Kahn, Kahn & Kahn, Chicago, Ill., for plaintiff.

Donald G. Mulack and Philip V. Martino, Keck, Mahin & Cate, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court is called on to decide the propriety of removal to federal court of this forcible entry and detainer action by Chicago Title & Trust Co. as trustee under a Trust Agreement dated February 14, 1974, and known as Trust No. 10–63–859 ("CT & T") against Whitney Stores, Inc. ("Whitney"). Whitney removed the case to federal court within 30 days of its commencement in state court pursuant to 28 U.S.C. §§ 1441 and 1446 ("Section 1446"), asserting federal jurisdiction under 28 U.S.C. § 1332 because of the parties' claimed diversity of citizenship. For the reasons stated in this memorandum opinion and order, CT & T's motion to remand to state court is granted.

### Facts

Under Illinois practice as carried on in what used to be called the Municipal Court of Chicago and (since the constitutional restructuring of the state court system) is now the Municipal Division of the Circuit Court of Cook County, forcible detainer proceedings receive extraordinarily expedit-

ed treatment. Recovery of possession of the leased premises is of course the critical issue. Where there has been nonpayment of rent or abandonment of the premises (both are claimed here) and where commercial rather than residential property is involved (again that is the case here), a plaintiff really has a right to expect to go to trial on the designated return date, even though that may be only a few weeks after suit is filed.

In this case suit was filed March 22, 1984, summons was served on Whitney March 23 and the case was set for trial April 6. At that point Whitney exercised its right to ask for jury trial, and it then proceeded to get CT & T's agreement to continue the trial until April 23.[1] Thereafter Whitney removed the case to this Court, divesting the state court of jurisdiction and preventing the trial from going forward.

### Applicable Remand Principles

CT & T asserts various grounds for remand. Most are unpersuasive, but because the sixth argument is meritorious this Court will confine its discussion to that contention. CT & T Pet. 2 claims:

6. That the action of defendant Whitney in appearing in the Circuit Court of Cook County and pleading therein constitutes an election by said defendant Whitney to proceed in the Circuit Court....

CT & T's general reference to Whitney's "appearing ... and pleading" may be construed, as in *Baldwin v. Perdue, Inc.,* 451 F.Supp. 373, 375 (E.D.Va.1978), to put in issue all of Whitney's conduct in the lawsuit.

Whitney had indeed elected to proceed in state court by obtaining an agreed continuance of its trial without stating its intent to trigger removal in the interim. It is true a party's waiver of its right to remove generally depends on its intent to do so. See *Carpenter v. Illinois Central Gulf Railroad Co.,* 524 F.Supp. 249, 251 (M.D.La. 1981), quoted in 1A Moore & Ringle,

---

1. Attached to Whitney's removal papers is the state court's order for that continuance. It shows the order itself was prepared by Whit-

ney's counsel, and it bears an April 16 filing stamp by the Clerk of Court.

*Moore's Federal Practice* ¶ 0.157[9], at 153 (2d ed. 1983). However an exception to that rule applies here, as expressed in *Bedell v. H.R.C., Ltd.*, 522 F.Supp. 732, 737 (E.D.Ky.1981) (footnote to *Moore's* omitted):

> It is clear, however, that an inadvertent waiver of the defendant's right to remove can occur by his taking certain acts in the state court that are deemed to constitute a submission to its jurisdiction.

Because under that exception waiver may occur inadvertently and as a result of defendant's actions, it is really more akin to estoppel than to waiver.

In that regard *Moore's* ¶ 0.157[9], at 154–55 (footnotes omitted) discusses rules applicable when a case proceeds to trial before lapse of the 30-day period Section 1446(b) allows for removal:

> Where the action becomes removable shortly before, at, or during the trial, the defendant may remove the case, but he must take prompt steps to do so, if his right is to be preserved; and, unless he does so, proceeding to or continuing with the trial constitutes a waiver of the right of removal, even though the thirty day period may not have elapsed.

Of course Moore's speaks in terms of a case filed more than 30 days before trial, but for which removal becomes available less than 30 days before trial. That focus is understandable because cases so rarely come to trial less than 30 days after filing. But if a case "becomes removable shortly before ... trial," it should not matter whether it becomes removable because of a change in the character of the action or has been removable from the very outset.

When removal becomes available as a case proceeds to trial, *Waldron v. Skelly Oil Co.*, 101 F.Supp. 425 (E.D.Mo.1951) applies the general (albeit harsh) requirement that intention to remove be voiced immediately. There plaintiff's attorney dismissed all non-diverse defendants in his opening statement. At that point the remaining (diverse) defendant was actually held to have waived its right to remove because its attorneys *did not interrupt* the statement

to ask for a recess so they could prepare a removal petition, but instead waited until plaintiff's opening statement was concluded. *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 336–37 (D.S.C.1979) manifests a less stringent approach. It found removal timely when plaintiff's attorney created diversity jurisdiction in his closing statement, and defendant moved for a recess after the jury began its deliberations but before it returned a verdict. *Heniford*, 471 F.Supp. at 336 "distinguished" *Waldron* because in *Heniford* defendant "did not allow the trial to advance to the next stage and gave seasonable notice."

Whitney has breached the prompt notification requirement uniformly expressed in *Moore's*, *Waldron* and *Heniford*. Whitney could have stated to CT & T and the state court it wanted a continuance of the trial at least in part to draft a removal petition. Had it done so CT & T could have exercised its right to insist the trial go forward currently, and the state judge would have been in a position to decide whether to postpone the trial or to complete the record to prepare for the federal court's possible remand of the case to state court. Instead Whitney ousted the state court of jurisdiction during the agreed continuance, preventing the case from going to trial on the date to which it had induced CT & T's agreement.

In short, such cases as *Waldron* and *Heniford* deal with defendants who seek continuances for the stated purpose of petitioning for removal. Whitney however sought and received a continuance without notifying CT & T and the state court that it would act to remove the case in the meantime. That is a distinction with a meaningful difference. It should result in a finding of waiver or estoppel (here the label makes no substantive difference in the result).

Whitney has acted in a manner inconsistent with its intent to seek federal jurisdiction. In so doing it has assented to the jurisdiction of the state court. That renders the removal "improvident[ ] and without jurisdiction" within the meaning of 28

U.S.C. § 1447(c) as the cases have construed it. Accordingly CT & T's motion to remand is granted.[2]

---

**2.** Although this consideration has not of course affected the Section 1447(c) determination, as a purely fallout consequence of this proper remand order it is worth noting the state court can afford both parties the swift justice contemplated by state law and procedure for forcible cases—something this Court, with its calendar, is not equipped to do in the same way. In an important sense the mere passage of time in such cases, if the tenant is indeed delinquent and is not financially responsible, can prejudice the landlord's substantive rights.