Ronda L. ACOSTA, Plaintiff,

v.

DIRECT MERCHANTS BANK, and does 1–25, Defendants.

No. 02–CV–1187–W(LAB).

United States District Court, S.D. California.

June 21, 2002.

Rhonda L. Acosta, La Jolla, CA, pro se.

Michael R. Simmonds, Micha Star Liberty, Wineberg Simmonds and Narita, San Francisco, CA, for defendants.

## ORDER REMAINING ACTION TO SAN DIEGO SUPERIOR COURT

WHELAN, District Judge.

On March 18, 2002 Plaintiff Ronda L. Acosta ("Plaintiff") commenced this action against Defendants Direct Merchant Bank and Does 1–25 ("Defendants") in San Diego Superior Court. Plaintiff asserts claims for defamation and violations of the Federal Trade Commission Act, Consumer Credit Protection Act, Truth and Lending Act, and Federal Trade Commission Act. On May 20, 2002 Defendant Direct Merchant Bank ("DMB") received a copy of the Complaint via United States mail. On June 14, 2002 DMB filed an Answer and a Cross Complaint[1] against Plaintiff and Does 1–5. DMB cross claimed for breach of contract, open book account debt, and money had and received. On June 18, 2002 Defendant filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1441(b).

The Court's independent examination of Defendant's Removal Notice, the Complaint, and the documents submitted facially reveals this action was improperly removed to federal court such that immediate remand is warranted under 28 U.S.C. § 1447.

### I. Legal Standard

It is well-settled that a federal court cannot reach the merits of any dispute until it confirms that it retains jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Thus, federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence[.]" *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (citations omitted).

The district court has an obligation to raise lack of subject matter or removal jurisdiction *sua sponte* even where the parties consent to federal jurisdiction or the defendant fails to move for remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Har-*

---

1. (*Compl.* at 1–2.) The Court construes DMB's "cross claim" specifically against Plaintiff as a counterclaim.

*ris v. Provident Life and Accident Ins. Co.,* 26 F.3d 930, 932 (9th Cir.1994) ("Although no objection was made to removal, we must still address whether federal jurisdiction exists.").

▮ Therefore, in a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447 *et seq.* The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Chicago v. International College of Surgeons,* 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). The Court's removal jurisdiction must be analyzed on the basis of the pleadings at the time of removal. *See Sparta Surgical Corp. v. National Ass'n of Securities Dealers,* 159 F.3d 1209, 1213 (9th Cir.1998). District courts must construe the removal statutes strictly *against* removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *See Takeda v. Northwestern Nat'l. Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir.1985).

## II. DISCUSSION

On June 14, 2002 DMB filed an Answer and self-titled Cross Complaint in state court. Four days later, on June 18, 2002 Defendant purported to remove the entire action to this federal court. The Notice of Removal was timely filed within 30 days after Defendant's initial receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

The narrow issue before this Court is whether Defendant DMB may properly remove an action to federal court *after* it has submitted and filed a state court Answer and Cross Complaint which included direct counterclaims against Plaintiff. Put another way, does DMB's state court Answer coupled with its counter and cross claim prior to removal invoke the state court's jurisdiction thereby constituting a waiver of DMB's removal right.

▮ It is well-settled that merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove.[2] *See Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir.1994) ("[D]efensive action to avoid a judgment being entered automatically against him ... does not manifest an intent to litigate in state court, and accordingly, does not waive the right to remove.") (citing *Ward v. Resolution Trust Corp.,* 972 F.2d 196, 198 (8th Cir.1992) and *Beighley v. FDIC,* 868 F.2d 776, 782 (5th Cir.1989)); *California Republican Party v. Mercier,* 652 F.Supp. 928, 931 (C.D.Cal.1986) (filing a responsive pleading does not constitute acceptance of state court's jurisdiction *so as* to waive right of removal). A waiver of the removal right must be clear and unequivocal. *See Bayside,* 43 F.3d at 1240 (quoting *Beighley,* 868 F.2d at 782) (internal quotations omitted). "In general, the 'right of removal is not lost by action in state court short of proceeding to an adjudication on the merits.'" *Id.*

However, it is also well established that a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that

---

**2.** The Federal Rules of Civil Procedure contemplate an answer in state court prior to removal. *See* FED.R.CIV.P. 81(c) ("Repleading is not necessary unless the court so orders.

In a removed action in which the defendant has not answered, the defendant shall have 20 days[.]")

manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Bayside*, 43 F.3d at 1240 (citing *Baldwin v. Perdue, Inc.*, 451 F.Supp. 373, 375–76 (E.D.Va.1978); *George v. Al–Saud*, 478 F.Supp. 773, 774 (N.D.Cal.1979)). *See also State of Oregon v. Wright*, 102 U.S. 177, 179 (1992) (stating that a party may not experiment on his case in state court) (internal quotations omitted); *Rosenthal v. Coates*, 148 U.S. 142, 147, 13 S.Ct. 576, 37 L.Ed. 399 (1893) (same); *Aqualon v. MAC Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some substantial defensive action in the state court *before* petitioning for removal.") (emphasis in original); 10 James W. Moore, et al., *Moore's Federal Practice*, § 107.18[3][a] ("Participating in state court proceedings, such as seeking some form of affirmative relief, when the defendant is not compelled to take the action ... constitutes a waiver of the defendant's right to remove to federal court.").

In *Hansen v. Pacific Coast Asphalt Cement Co.*, 243 F. 283 (S.D.Cal.1917) the court expressly held that "[b]y filing [a] cross-complaint, the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove." *Id.* at 284 (citing *Texas & Pacific Ry. v. Eastin*, 214 U.S. 153, 29 S.Ct. 564, 53 L.Ed. 946 (1909)); *see also Texas Wool and Mohair Mktg. Assoc. v. Standard Accident Ins. Co.*, 175 F.2d 835, 838 (5th Cir.1949) (holding that a third party defendant's answer to a cross claim constituted a waiver of right to remove); *Mercier*, 652 F.Supp. at 931 ("Filing a permissive counterclaim or third-party complaint ... does constitute waiver.") (citing *Sood v. Advanced Computer Techniques Corp.*, 308 F.Supp. 239, 242 (E.D.Va.1969)); *Isaacs v. Group Health, Inc.*, 668 F.Supp. 306, 309 (S.D.N.Y.1987) ("[D]efendant's cross-claim ... asserted before a petition for removal to federal court is filed, constitutes a waiver of the right to removal."); *Deakins v. Superior Court of California*, 90 Cal.App. 630, 633–4, 266 P. 563 (1928) (holding that the case was improperly removed because the defendant filed a cross complaint in state court).

In this case, it is undisputed that DMB filed a Cross Complaint coupled with a counterclaim against the Plaintiff. Four days later, DMB removed to this federal district court. Neither DMB's state court Answer or Cross Complaint reserved any right to later remove this case to federal court. If anything, DMB's offensive state court tactic to both file an Answer and Cross Complaint clearly showed an intent to reach the merits of this dispute before a state, and not a federal, tribunal.[3]

■ The Court finds that DMB's Cross Complaint intentionally invoked the state court's jurisdiction thereby waiving its right to remove to federal court. *See Hansen*, 243 F. at 284.[4] Moreover, DMB's

---

**3.** In *Bayside*, the Ninth Circuit held the plaintiff's petition for rehearing filed in state court did not constitute a waiver of its right to remove. However, in that case the plaintiff filed the petition on the *same date* that it filed the notice of removal. *Bayside*, 43 F.3d at 1240. Furthermore, the Ninth Circuit expressly stated that the "petition specifically stated that the plaintiff intended to remove and had made the petition solely for the defensive purpose of preserving the status quo pending removal." *Id.* Accordingly, the procedural facts of the instant case are distinguishable from *Bayside*. Moreover, DMB's failure to evidence its intent to subsequently remove is a "meaningful difference ... that should result in a finding of waiver." *Chicago Title & Trust Co. v. Whitney Stores, Inc.*, 583 F.Supp. 575, 577 (N.D.Ill.1984).

**4.** *See also Mercier*, 652 F.Supp. at 931; *Sood*, 308 F.Supp. at 242; *Isaacs*, 668 F.Supp. at 309.

Cross Complaint affirmatively expressed its clear and unequivocal intent to accede to the state court's jurisdiction. *See Westwood v. Fronk*, 177 F.Supp.2d 536, 541 (N.D.W.Va.2001) (citing *Schmitt v. Insurance Co. of N. Am.*, 845 F.2d 1546, 1548 (9th Cir.1988), *superseded by statute on other grounds in Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)) (holding that plaintiff's "affirmative action in filing a permissive state court cross-claim expressed [plaintiff's] 'clear and unequivocal' intent to accede to state court jurisdiction") (internal quotations in original) [5]; *Bayside*, 43 F.3d at 1240 (holding that defendant "may waive the right to remove ... after it is apparent that the case is removable"); *Moore's Federal Practice* § 107.18[3][a].

The voluntary nature of DMB's previous state court filings confirms that DMB affirmatively waived its removal rights. *See Westwood*, 177 F.Supp.2d at 541. DMB was not compelled to file the Cross Complaint in order to preserve its rights or maintain the status quo. *Hansen*, 243 F. at 284. Moreover, DMB "could have removed the case without filing any pleadings at all in state court." *Id.* DMB's waiver of removal is within the Ninth Circuit's parameters set forth in *Bayside.* Here, DMB's state court Cross Complaint was clearly not filed "solely for the purpose of preserving the status quo." *Bayside*, 43 F.3d at 1240. Accordingly, the Court concludes that this case was improvidently removed and is subject to immediate remand to state court for all further proceedings.

III. *Conclusion and Order*

In light of the foregoing, the Court **REMANDS** this matter to San Diego Superior Court for all further proceedings pursu-

ant to 28 U.S.C. § 1447(c). (Sup.Ct. No. GIC 784878). Upon remand, the Clerk of Court shall close the district court case file.

**IT IS SO ORDERED.**

---

5. *See also Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir.1989) ("Generally, [a] waiver determination involves a factual and objective inquiry as to the defendant's intent to waive.").