MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF’S MOTION TO REMAND
 

 STOTLER, District Judge.
 

 I.
 

 INTRODUCTION
 

 Plaintiffs motion for remand asks the Court to find that one of the removing
 
 *MCCCXXIII
 
 defendants (Allied Interstate, Inc., hereinafter, “Allied”) did not legitimately, through an authorized representative, join in the removal, but, in the event that join-der is found to be unanimous, to further find that the same defendant waived its right to removal by continuing to litigate the matter in state court.
 

 No case appears to have addressed these precise issues, but given the evidence adduced by the parties at this juncture, the Court finds that defendants’ evidence tends to prove that the “general counsel” was duly authorized to join in the removal and the Court cannot find that plaintiff has produced any evidence that the joinder was not valid. The circumstances urged for finding waiver, while remarkable, do not find support in the cases justifying an order of remand.
 

 II.
 

 PROCEDURAL BACKGROUND
 

 On November 7, 2003, pro se plaintiff Thomas Foley (hereinafter “plaintiff’) filed a complaint against defendants in the Orange County Superior Court, Case No. 03CC13431, alleging violations of state and federal law. On December 10, 2003, defendant Creditors Interchange filed a timely notice of removal. On the same date, all other defendants filed a notice of joinder in Creditors Interchange’s removal notice.
 

 On January 9, 2004, plaintiff filed a motion to remand on the ground that removal was improper. On January 26, 2004, defendant Creditors Interchange filed its opposition. Also on January 26, 2004, defendant Triadvantage Credit Services, Inc. joined the opposition. Plaintiff filed his reply on February 2, 2004.
 

 The Court heard oral argument on the motion on February 9, 2004, and took the matter under submission.
 

 Having considered the parties’ submissions, the arguments presented at the hearing, and after conducting independent research, the Court denies plaintiffs motion to remand.
 

 III.
 

 FACTUAL BACKGROUND
 

 On November 7, 2003, plaintiff filed a state court action against four collection agencies (defendants) alleging unfair debt collection practices and other violations of state and federal law. Defendant Creditors Interchange was served on November 10, 2003. On December 10, 2003, Creditors Interchange filed a timely notice of removal. On the same date, counsel for Creditors Interchange, Larissa Nefulda, unsuccessfully attempted to contact counsel for co-defendant Allied Interstate, Inc. (“Allied”) in order to obtain Allied’s consent to the removal action. Without any appearance of counsel in the state court record to contact to seek consent to join-der of removal, Nefulda contacted Allied’s offices directly and was referred to Allied’s general counsel, Mike Nugent. Nugent confirmed that he was, in fact, general counsel for Allied and that he was authorized to consent to removal on Allied’s behalf. On December 10, 2003, Nugent signed and filed joinder in the removal action on behalf of Allied. All other defendants also joined in the removal action on the same date.
 

 Allied’s consent to joinder in the removal action took place unbeknownst to Allied’s about-to-be counsel in the state court for this matter, Attorney Francis Licata. Mr. Licata claims that the Complaint in state court was date stamped as received by his office on December 10, 2003, the same day that the removal action was filed, and did not reach his desk until a few days thereafter. On December 16, 2003, Creditor’s Interchange served Nugent with a notice of ruling suspending the state
 
 *MCCCXXIV
 
 court action in light of the removal. However, Licata asserts that he did not receive a copy of the notice of ruling and did not actually become aware that the matter had been removed until he received plaintiffs motion to remand on January 12, 2004.
 

 Mr. Licata asserts that he believed that the time to remove had expired in light of the fact that he received the complaint after December 10, 2003. Consequently, Licata proceeded to represent Allied in the state court by filing an answer, serving form interrogatories, and requesting an extension of time to respond to plaintiffs discovery. Licata contends, in a separate declaration filed with the Court, that he would not have taken these actions in state court had he been aware of the removal action. Licata further declares that he did not and would not knowingly or intentionally waive Allied’s right of removal and that he would have joined in the removal action had he been aware of it.
 
 See,
 
 Francis Licata Deck, p. 12.
 

 Shortly after the case had been removed, plaintiff became concerned about the legitimacy of Allied’s joinder in the removal action and questioned whether Nugent was authorized to consent to removal on Allied’s behalf. On January 5, 2004, plaintiff wrote Nefulda, counsel for Creditors Interchange, notifying her that he could not reach Nugent at the telephone number listed on the proof of service. Plaintiff also informed Nefulda that the proof of service listed Nugent as working at Intellirisk, an entity that plaintiff claims is related to but legally separate from Allied. On January 8, 2004, Nefulda confirmed with Nugent that he was general counsel for Allied and that he was authorized to consent to removal. Nefulda then contacted plaintiff to advise him of those facts.
 

 On January 9, 2004, plaintiff filed a motion to remand the action to state court on the ground that it was improperly removed for failure of all defendants to unanimously join in the removal.
 

 IV.
 

 DISCUSSION
 

 District courts must construe removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remand.
 
 Takeda v. Northwestern Nat’l Life Ins. Co.,
 
 765 F.2d 815, 818 (9th Cir.1985);
 
 Shamrock Oil & Gas Corp. v. Sheets,
 
 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).
 

 In cases involving multiple defendants, all defendants must join in a removal action with the exception of nominal parties.
 
 Embury v. King,
 
 361 F.3d 562, 563 n. 1 (9th Cir.2004);
 
 United Computer Sys., Inc. v. AT & T Corp.,
 
 298 F.3d 756, 762 (9th Cir.2002);
 
 Hewitt v. City of Stanton,
 
 798 F.2d 1230, 1232 (9th Cir.1986); 28 U.S.C. § 1446(a),(b) (1996). In the context of removal, this rule has often been referred to as the “rule of unanimity.”
 

 Generally, “a waiver of the right of removal must be clear and unequivocal.”
 
 Resolution Trust Corp. v. Bayside Developers,
 
 43 F.3d 1230, 1240 (9th Cir.1994) (quoting
 
 Beighley v. Fed. Deposit Ins. Corp.,
 
 868 F.2d 776, 782 (5th Cir.1989)). However, a defendant may inadvertently waive its right of removal when, after it is apparent that the case is removable, the defendant litigates on the merits in state court.
 
 Chicago Title & Trust Co. v. Whitney Stores, Inc.,
 
 583 F.Supp. 575, 577 (N.D.Ill.1984);
 
 see also, Bayside Developers,
 
 43 F.3d at 1240 (“In general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits.”).
 

 Plaintiff offers two arguments in support of his motion to remand: (1) defendant Allied did not provide valid consent to joinder in the removal action and (2) defendant Allied waived its right of removal
 
 *MCCCXXV
 
 by litigating on the merits in the state court after the removal action had been filed.
 

 A. Validity of Allied’s Consent to Joinder in the Removal Action
 

 Plaintiff asserts that removal was improper because Allied did not provide valid consent to joinder. Plaintiff attacks Nu-gent’s authority to consent on Allied’s behalf on the following grounds: (1) plaintiff questions Nugent’s declaration that he is general counsel for Allied; (2) plaintiff questions whether Nugent is an employee of Allied; and (3) assuming that Nugent is general counsel for Allied, plaintiff asserts that general counsel for a corporation is unauthorized to consent to joinder in a removal action on its behalf when it has retained separate counsel of record.
 

 Regarding the first two objections to the validity of general counsel’s consent, plaintiff offers no evidence to support his allegations that Nugent is not Allied’s general counsel or employee. The record, particularly the declarations of Nefulda and Nu-gent, supports the finding that Nugent is general counsel for Allied. The record further supports a finding that Nugent was authorized by Allied to consent to joinder on its behalf. Accordingly, Allied’s joinder is not improper on these grounds.
 

 As to plaintiffs third argument concerning the authority of general counsel to consent to removal on its behalf where it has retained separate counsel of record, no authority that the Court has considered has squarely addressed this precise issue. Nevertheless, federal courts have agreed that a corporation’s consent to remove an action may be signed by someone other than a corporation’s counsel of record, provided that such person has authority to bind the corporation.
 
 See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.,
 
 841 F.2d 1254, 1262 (5th Cir.1988);
 
 see also, Codapro,
 
 997 F.Supp. at 326. While courts generally do not require all defendants to sign the removal petition itself, a corporation may consent to removal by “some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.”
 
 Getty Oil Corp.,
 
 841 F.2d at 1262 n. 11. Based on the authority cited by the parties and on the Court’s research, no authority appears to preclude the ability of general counsel to consent to removal of an action under 28 U.S.C. § 1446, so long as general counsel has authority to act on the corporation’s behalf.
 

 It is well established that corporations may appear in federal court only through licensed counsel.
 
 In re Highley,
 
 459 F.2d 554, 555 (9th Cir.1972) (“A corporation can appear in a court proceeding only through an attorney at law.”);
 
 see also, Codapro Corp. v. Wilson,
 
 997 F.Supp. 322, 327 (E.D.N.Y.1998) (“A corporation, which is an artificial entity that can act only through agents, cannot proceed
 
 pro se.”).
 
 However, this rule does not appear to preclude the ability of general counsel for a corporation to consent to removal on its behalf. General counsel has implied power to conduct and approve actions concerning the legal affairs of the corporation.
 
 [1]
 
 While the role and actual authority of a corporation’s general counsel will vary depending on the corporation’s articles and bylaws, the record supports a finding that general counsel for Allied had actual implied authority to consent to removal on behalf of Allied.
 
 See, e.g.,
 
 18B Am. Juk. 2d
 
 Corporations,
 
 §§ 1525 — 1526 (2004).
 
 [2]
 

 
 *MCCCXXVI
 
 Applying these standards to the facts here, the Court finds that a corporation may consent to removal by some timely written indication from its general counsel. The record supports the fact that Nugent, as general counsel for Allied, was authorized to consent to the removal and signed the Joinder on December 10, 2003.
 
 See,
 
 Mike Nugent Decl., p. 10. Accordingly, Allied’s joinder in the removal action, executed with the sworn authority of its general counsel, Nugent, is valid.
 

 Allied’s written consent to removal at the hand of general counsel is buttressed, after the fact, by Mr. Licata’s express ratification of the general counsel’s joinder for removal.
 
 See, e.g.,
 
 Francis Licata Deck, pp. 12 (“[H]ad I known that Creditors Interchange intended to remove this case, I would have consented and signed the Joinder to remove the action.”).
 

 The Court concludes that defendant shows that it is more likely than not that the removal of the state court action was timely made and was properly joined by all defendants in this action in accordance with the rule of unanimity. Put another way, the Court concludes that plaintiff has not made a persuasive case that the join-der was other than unanimous.
 

 B. Waiver of the Right of Removal Through Actions in State Court
 

 Plaintiff also asserts that removal was improper because Allied waived its right of removal by litigating on the merits in state court.
 
 Acosta v. Direct Merch. Bank,
 
 207 F.Supp.2d 1129, 1131-32 (S.D.Cal.2002). Plaintiff points, in particular, to the extent of Allied’s actions in the state court, namely, filing an answer, serving form interrogatories and requesting a time extension to respond to discovery. In plaintiffs view, such tactics rose to the level of litigating on the merits, thereby constituting waiver.
 

 A defendant may inadvertently waive its right of removal by taking actions in the state court “that are deemed to constitute a submission to its jurisdiction.”
 
 Chicago Title & Trust Co. v. Whitney Stores, Inc.,
 
 583 F.Supp. 575, 577;
 
 accord Acosta,
 
 207 F.Supp.2d at 1131-32. Further, such waiver may occur after the filing of a notice of removal, citing
 
 Draper v. Erb,
 
 1994 WL 478821, *3 n. 2 (N.D.Cal. 1994) (suggesting, in dicta, that a defendant who has already filed a removal action may subsequently waive its right of removal by filing a motion to quash in state court).
 

 While the Court agrees with plaintiff that a defendant may inadvertently waive its right of removal by litigating on the merits in state court, actions short of proceeding to an adjudication on the merits will not result in waiver.
 
 Bayside Developers,
 
 43 F.3d at 1240 (quoting
 
 Beighley,
 
 868 F.2d at 782);
 
 see also, Chicago Title,
 
 583 F.Supp. at 577. As to the contention that filing an answer in state court constitutes waiver, “it is well settled that merely filing a responsive pleading does not invoke the state court’s jurisdiction so as to constitute a waiver of the right to remove.”
 
 Acosta,
 
 207 F.Supp.2d at 1131;
 
 accord Bayside Developers,
 
 43 F.3d at 1240. Therefore, the defendant’s act of filing an answer in state court does not constitute waiver.
 

 Plaintiff also claims that filing form interrogatories and requesting an extension of time to respond to discovery constitutes litigation on the merits and results in waiver of the right to remove. Neither of these actions constitute litigation on the merits because they did not result in adjudication on the merits and were not addressed directly to the court.
 
 See, id.
 

 
 *MCCCXXVII
 
 “A party’s waiver of its - right, to remove generally depends on its intent to do so.”
 
 Chicago Title,
 
 583 F.Supp. at 577;
 
 Bayside Developers,
 
 43 F.3d at 1240. Furthermore, because access to a federal forum is a significant right, “a waiver of the right of removal must be clear and unequivocal.”
 
 Bayside Developers,
 
 43 F.3d at 1240 (citing
 
 Beighley,
 
 868 F.2d at 782). However, a defendant may not experiment in state court and then seek to remove upon receipt of an adverse ruling.
 
 See Moore v. Permanente Med. Group, Inc.,
 
 981 F.2d 443, 447 (9th Cir.1992);
 
 Acosta,
 
 207 F.Supp.2d at 1131.
 

 The following factors counsel against a finding that Allied intended to waive its right of removal: 1) Allied, through its general counsel, filed a timely joinder in the removal action, 2) Allied’s counsel of record, Licata, was not served with notice of the removal action, 3) Licata, upon receiving the complaint after December 10, 2003, believed the time to remove had lapsed and was unaware of the removal action when he undertook his actions in state court, and 4) Allied’s actions in state court were not experimentation and did not result in rulings on the merits.
 

 Under these facts, the Court finds that defendant Allied did not waive its right to remove the action to federal court.
 

 V.
 

 CONCLUSION
 

 Accordingly, and for the foregoing reasons, the Court denies plaintiffs motion to remand the action to state court.
 

 IT IS SO ORDERED.
 

 IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.
 

 [1]
 

 .
 
 See, e.g.,
 
 18B AM. JUR. 2D
 
 Corporations,
 
 § 1587 (2004).
 

 [2]
 

 .
 
 Id.,
 
 at § 1525 (“The implied authority of an officer or agent of a corporation includes all such incidental authority as is necessary, usu
 
 *MCCCXXVI
 
 al, and proper to effectuate the main authority expressly conferred.”).