**AMERICAN HOME ASSURANCE COMPANY, Gerling–Konzern Allgemeine Vericherungs–AG, St. Paul Fire and Marine Insurance Company, Assicurazioni Generali S.p.A., and SR International Business Insurance Company, Plaintiffs,**

v.

**RJR NABISCO HOLDINGS CORP. and RJR Nabisco, Inc., Defendants.**

**Allianz Insurance Company, Plaintiff,**

v.

**RJR Nabisco Holdings Corp. and RJR Nabisco, Inc., Defendants.**

Nos. 99 Civ. 1184(JSR), 99 Civ. 2297(JSR).

United States District Court, S.D. New York.

July 8, 1999.

Eugene Wanan, John Mezzacappa, of Mound, Colton and Wollan, New York City, for Plaintiffs.

Harold K. Gordon of Jones, Day, Reavis & Pogue, New York City, for Non–Party NABISCO, Inc., Defendant.

## OPINION AND ORDER

RAKOFF, District Judge.

"The [federal] removal statute is a judicial curiosity" [1] and no more so than in its application to these two related cases removed from the New York State court and recently referred to this judge following the recusal of the judge of this Court to whom they were originally assigned. On the face of the pleadings, the first of the two cases, *American Home Assurance Co. et. al. v. RJR Nabisco Holdings Corp. et. al.*, 98 Civ. 1184 (the "American Home Action") should be remanded to state court for lack of subject matter jurisdiction, while the second case, *Allianz Ins. Co. v. RJR Holdings Corp. et. al.*, 98 Civ. 2297 (the "Allianz Action"), should remain in federal court. That, indeed, is the end result, but not only, as it turns out, because of considerations of subject matter jurisdiction but also because of curious issues of standing and waiver presented by the removal statute as here applied.

The two cases ultimately derive from an insurance claim made upon plaintiff American Home Assurance Company ("American Home") as a result of the discovery by non-party Nabisco, Inc. ("Nabisco") that certain of Nabisco's products previously stored in a warehouse in Illinois contained small amounts of chemicals used to treat the warehouse floors, which rendered the products unmarketable. A claim for the losses thereby caused was presented to American Home pursuant to an insurance policy covering "RJR Nabisco, Inc. and/or all direct and indirect subsidiaries, affiliated, controlled or managed corporations, organizations and entities of the foregoing...." Affidavit of Michael J. Misurelli ("Misurelli Aff.") Ex. 3, Insurance Policy No. 643 1873 ("Policy"), Endorsement 2.[2] Although it is unclear by whom or on whose behalf the claim was originally presented, negotiations relating to the claim were conducted by Nabisco's twice-removed corporate parent, RJR Nabisco

---

1. *Tinney v. McClain*, 76 F.Supp. 694, 698 (N.D.Tex.1948). *See generally* Georgene M. Vairo, *Forum Selection: Removal*, Nat'l L.J., Sept. 14, 1999, at B9.

2. The original policy also named defendant RJR Nabisco Holdings Corp. as an insured.

*See* Policy § 1, ¶ 1 (page 1 of 43). Although a subsequent amendment substituted the above-quoted language, RJR Nabisco Holdings Corp. was still identified as the "insured" on the face page of the policy and remained a covered entity under the policy. *See* Policy.

Inc.[3] *See* Misurelli Aff. ¶¶ 15, 16 & Ex. 4. This was in keeping with a provision of the insurance policy that required that any loss "be adjusted with RJR Nabisco, Inc., ... and payable as directed by it" even if sustained by a different covered entity. Policy § 13, ¶ 4 (page 37 of 43).

In response to the claim, American Home, on January 11, 1999, brought suit in New York State Supreme Court against RJR Nabisco, Inc. and RJR Nabisco Holdings Corp. (the two entities expressly identified by name in the insurance policy), seeking a declaratory judgment that the claim was excluded by the terms of the insurance policy. *See* Complaint, New York State Supreme Court Index No. 600149/99. Thereafter, four of American Home's five co-insurers on the policy joined the suit as plaintiffs, in an Amended Complaint filed on February 5, 1999. *See* Amended Complaint, New York State Supreme Court Index No. 600149/99.

On February 17, 1999, Nabisco, claiming to be *the* "real party in interest" and alleging citizenship diverse from that of the plaintiffs, noticed the removal of the American Home Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, *see American Home*, Notice of Removal by Nabisco ¶¶ 3, 5, and simultaneously moved to transfer venue to the Northern District of Illinois, where Nabisco had filed a separate federal lawsuit arising from the same series of events. The action was assigned to Hon. Robert W. Sweet, U.S.D.J., before whom the American Home plaintiffs timely filed a motion to remand, arguing, *inter alia*, that non-party Nabisco lacked standing to remove, that neither of the named defendants had joined in the petition for removal, and that diversity was lacking since at least one plaintiff, American Home, and both named defendants, RJR Nabisco, Inc. and RJR Nabisco Holdings Corp., were all citizens of New York.

On March 10, 1999, the fifth co-insurer, Allianz Insurance Company ("Allianz"), filed a complaint in New York State Supreme Court against RJR Nabisco, Inc. and RJR Nabisco Holdings Corp., seeking essentially the same declaratory relief sought by the American Home plaintiffs. *See* Complaint, New York State Supreme Court Index No. 104856/99. On March 26, 1999, non-party Nabisco, again claiming to be *the* "real party in interest," filed a notice of removal of the Allianz Action to this Court, where it was assigned to Judge Sweet as related to the American Home action. *See Allianz*, Notice of Removal by Nabisco. Nabisco also filed a purported Answer to the *Allianz* Complaint and a purported motion for transfer of venue to the Northern District of Illinois. In response, Allianz, unlike the American Home plaintiffs, did not move to remand or otherwise challenge Nabisco's standing to remove the Allianz Action, but, instead, moved to consolidate the Allianz Action with the American Home Action.

On June 14, 1999, with all motions in both cases still pending, Judge Sweet recused himself and the actions were reassigned to this judge, who now decides the pending motions as follows:

■ *First*, the Court grants the motion to remand the American Home Action to state court. Whether or not Nabisco is *a* "real party in interest," it is obvious from the face of the insurance policy that RJR Nabisco, Inc. and RJR Nabisco Holdings Corp. are more than nominal parties. As a result, complete diversity is wanting and the Court lacks subject matter jurisdiction.

■ Independently, moreover, a non-party—even one that, like Nabisco, claims to be a real party in interest—has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal "by

---

**3.** Non-party Nabisco is a subsidiary of another non-party, Nabisco Holdings Corp. (not to be confused with defendant RJR Nabisco Holdings Corp.). *See* Def. Rule 1.9 Statement. As of 1998, defendant RJR Nabisco, Inc. owned 80.5% of the stock of Nabisco

Holdings Corp. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460 n. 1 (2d Cir.1998). In turn, RJR Nabisco, Inc. is a wholly owned subsidiary of co-defendant RJR Nabisco Holdings Corp. *See* Def. Rule 1.9 Statement.

the defendant or defendants." *See Geiger v. Arctco Enterprises, Inc.,* 910 F.Supp. 130, 131 (S.D.N.Y.1996) ("It is clear ... that the right of removal is vested exclusively in defendants."); *Adams v. Administar Defense Services, Inc.,* 901 F.Supp. 78, 79 (D.Conn.1995) (only a defendant, who is by implication a party in state court, has standing to remove); *Conway v. Delgado,* No. 92–0905, 1992 WL 189428, *2 (D.D.C. July 21, 1992) (only defendants have standing to remove); *Kane v. Republica De Cuba,* 211 F.Supp. 855, 856–58 (D.P.R.1962) (a nonparty who has not formally intervened may not remove a case from state court); *cf. Macaluso v. Mondadori Publishing Co.,* 527 F.Supp. 1017, 1018–19 (E.D.N.Y.1981) (remanding case where neither of the named defendants joined in the petition for removal); *Housing Auth. of Atlanta v. Millwood,* 472 F.2d 268, 272 (5th Cir.1973) (where an entity has not been properly served in state court, it is not a party and removal jurisdiction cannot be premised on its presence in the action); *In re MacNeil Bros.,* 259 F.2d 386, 387 (1st Cir.1958) (per curiam).[4]

*Second,* because of the remand, Nabisco's pending motion to transfer the American Home Action to the Northern District of Illinois is denied as moot, as is the motion of Allianz to consolidate the Allianz Action with the American Home Action.

 *Third,* despite the foregoing, the Allianz Action will not be remanded, since there is complete diversity in that case and Allianz—by choosing not to seek remand within the 30 day period in which motions to remand for reasons other than lack of subject matter jurisdiction must be brought, *see* 28 U.S.C. § 1447(c)—knowingly waived any objection to the fact that

removal was noticed by defendants' non-party subsidiary, Nabisco. Indeed, Allianz affirmatively ratified removal by seeking consolidation of the Allianz Action with the American Home Action in this Court. *See Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir.1996) ("A party that engages in affirmative activity in federal court typically waives the right to seek a remand" for procedural defects in removal.); *Lanier v. American Bd. of Endodontics,* 843 F.2d 901, 905 (6th Cir.1988) (same); *Legal Aid Society v. City of New York,* 1998 WL 689950, *2 (S.D.N.Y.1998) (same).

 Although the Court itself, within that 30 day period, could have remanded the case for defects other·than lack of subject matter jurisdiction, Judge Sweet, who had the case throughout that period, chose not to do so, and the option is no longer available. *See* 28 U.S.C. § 1447(c); *Hamilton v. Aetna Life & Casualty Co.,* 5 F.3d 642, 644 (2d Cir.1993); *Maniar v. Federal Deposit Ins. Corp.,* 979 F.2d 782, 785–86 (9th Cir.1992); *FDIC v. Loyd,* 955 F.2d 316, 322 (5th Cir.1992); *Air–Shields, Inc. v. Fullam,* 891 F.2d 63, 65 (3rd Cir. 1989); *Cassara v. Ralston,* 832 F.Supp. 752, 753 (S.D.N.Y.1993); *Estate of Harding v. Bell,* 817 F.Supp. 1186, 1192–93 (D.N.J.1993). Moreover, even if the Court still retained that option, it would not choose to exercise it here. Whatever the peculiarities attendant on Nabisco's noticing the removal, the Allianz Action, involving diverse citizens, properly belongs in federal court, while the American Home Action, lacking such complete diversity, does not.

 *Fourth,* despite Nabisco's role in the removal process, its motion to transfer

---

4. Such a construction is in keeping with the general policy that such statutes are to be narrowly construed against removal and in favor of preserving state court jurisdiction. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996); *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985); *Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982); *but cf. Heafitz v. Interfirst Bank of Dallas,* 711 F.Supp. 92, 95 n. 3 (S.D.N.Y.1989) (FDIC may remove prior to formally intervening in state court action pursuant to its statutory right of removal under 12 U.S.C. § 1819).

venue to the Northern District of Illinois must be denied, since Nabisco—having neither formally intervened nor otherwise been joined in this action—lacks standing to seek such relief from this Court.

In sum, the Court grants the motion to remand the American Home Action and denies all other pending motions. The Clerk shall enter judgment remanding the American Home Action, and the parties in the Allianz Action are ordered to appear for an initial pretrial conference on July 15, 1999 at 4:30 P.M. in Courtroom 14–B, 500 Pearl Street, New York, New York.

SO ORDERED.